NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0184n.06

Case No. 23-3628

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Apr 25, 2024
KELLY L. STEPHENS, Clerk

LEON GARFIELD ROACHE,

 Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

 Respondent.

)
)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS

O P I N I O N

Before: LARSEN, READLER, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. Petitioner Leon Garfield Roache seeks review of a final order of the Board of Immigration Appeals ("BIA" or "Board"), dismissing his appeal from an immigration judge's ("IJ's") order denying his application for deferral of removal under the Convention Against Torture, 8 C.F.R. § 1208.17 ("CAT"). Finding no clear error in the IJ's factual determinations, the Board agreed with the IJ's conclusion that Roache failed to show a likelihood that he would be subjected to future torture, with the consent or acquiescence of a public official, if he were removed to Jamaica. Because there is substantial evidence in the record to support the Board's decision, we deny the petition for review.

## I.

Roache, a native and citizen of Jamaica, entered the United States as a teen in 1987 and attained the status of lawful permanent resident. Decades later, in 2021, Roache was convicted in

the United States District Court for the Southern District of Florida of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). About a year later, the Department of Homeland Security ("DHS") served Roache with a Notice to Appear ("NTA"), charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), as a noncitizen who was convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B).

At his removal hearing, Roache admitted the factual allegations contained in the NTA and conceded the charge of removability. Roache also applied for asylum and withholding of removal under sections 208(b)(1)(B) and 241(b)(3)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(b)(1)(B), 1231(b)(3)(A), and deferral of removal under the CAT. At the merits hearing for his applications before an IJ, Roache testified that he feared returning to Jamaica for two reasons: (1) two gang members threatened Roache after they extorted his uncle, Clarence Sawyers, for money before ultimately murdering him; and (2) relatives of "Cat Eyes"[1]—a man who Roache's brother killed many years prior—also threatened him.

Roache testified that the gang members involved in his uncle's murder were never brought to justice because of the gang's influence over government officials. Roache also testified that his mother told him the gangs were still breaking into homes and harassing, extorting, and killing people. Regarding Cat Eyes's family, Roache testified that he did not believe that the police or Jamaican government would protect him because they did nothing after his uncle's murder. He also relayed that Cat Eyes's brother worked for the "police government" and one or two of his

---

[1] The BIA's opinion refers to this individual as "Cat Eye," but in Petitioner's briefing to this court, briefing to the BIA and his own affidavit, he refers to the individual as "Cat Eyes." For purposes of this opinion, we adopt the spelling of the Petitioner.

uncles worked for the government in Jamaica. According to Roache, he would be killed or tortured if he returned to Jamaica because of the threats and lack of protection from the government.

In addition to his own testimony, Roache provided various documents in support of his claims for protection, including (1) his own declaration, (2) letters from his family, including his mother, siblings, and children, and (3) the case docket for his 2021 conviction. Roache also submitted a news article that discussed the circumstances surrounding his uncle's death and a copy of his uncle's memorial service program.

In February 2023, the IJ denied Roache's applications for asylum and withholding of removal and denied his request for deferral of removal under the CAT. Roache appealed to the BIA, which agreed with the IJ's conclusion that Roache had not demonstrated that he was eligible for protection under the CAT and dismissed his appeal. The Board determined that Roache had not "meaningfully challenge[d]" the IJ's denial of his applications for asylum and withholding of removal, so he waived any challenges on those bases on appeal. (AR 3 (citing *Matter of Garcia*, 28 I. & N. Dec. 693, 693 n.1 (BIA 2023))). Turning then to the IJ's denial of his application for deferral of removal under the CAT, the Board addressed Roache's asserted fears of torture and death. The Board found that the IJ did not clearly err in finding that there was insufficient evidence to support either of the two bases for his fears. In particular, Roache had not shown that it was more likely than not that Cat Eyes's family members would target him for future torture, considering that Cat Eyes's murder occurred roughly thirty years prior; Roache's brother was imprisoned for the crime; and Roache received his last threat in 2005—some eighteen years before his hearing. The Board also agreed with the IJ's determination that Roache did not establish that, more likely than not, he would be subjected to torture by the gang members allegedly involved in his uncle's death. In that regard, the IJ noted that it had been over six years since Roache heard

from the gang members who had threatened him, and Roache had offered insufficient evidence to show that the perpetrators went unpunished by authorities.

Similarly, the Board agreed with the IJ that Roache's uncorroborated assertion that Cat Eyes's family members work in the government was speculative and, therefore, insufficient to show that the Jamaican government or its officials would consent to or acquiesce in any harm. Relatedly, the BIA found no clear error in the IJ's finding that Roache's (and his family's) failure to report the alleged threats they received to authorities meant the Jamaican police were unaware of any potential torture of Roache. Lastly, the Board considered whether Roache could safely relocate to another location in Jamaica and found that he could. Roache timely petitioned for review.

## II.

Circuit courts have jurisdiction to review a "final order of removal." 8 U.S.C. § 1252(a)(1). When, as is the case here, the Board issues its own decision in lieu of summarily affirming an IJ's decision, we review the Board's decision "as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). To the extent the Board adopted the IJ's reasoning, we review the IJ's decision as well. *See Turcios-Flores v. Garland*, 67 F.4th 347, 353 (6th Cir. 2023). We review legal conclusions de novo and factual findings for substantial evidence. *See Zometa-Orellana v. Garland*, 19 F.4th 970, 976 (6th Cir. 2021). Under the substantial evidence standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). This is a "highly deferential" standard. *Nasrallah v. Barr*, 590 U.S. 573, 583 (2020).

**III.**

Roache maintains that the BIA erred in concluding that he failed to demonstrate eligibility for deferral of removal under the CAT. Among other things, he argues that the Board did not appropriately weigh the testimonial evidence and did not consider the corroborating evidence that he offered, including a "news article, memorial service and other letters submitted as exhibits." (ECF 21, Petitioner's Br., Page 12). We disagree.

To qualify for CAT protection, Roache must show that he "more likely than not" would be subjected to torture if he were removed to Jamaica. *Sebastian-Sebastian v. Garland*, 87 F.4th 838, 851 (6th Cir. 2023) (quotations omitted); 8 C.F.R. § 1208.17(a). Torture, under the CAT, means "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted . . . when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Zaldana Menijar v. Lynch*, 812 F.3d 491, 501 (6th Cir. 2015) (citation omitted); 8 C.F.R. § 1208.18(a)(1). Importantly, the asserted threat of torture must be "particularized" and not merely general in nature. *Marqus v. Barr*, 968 F.3d 583, 587 (6th Cir. 2020).

Under this standard, Roache must prove that if he returns to Jamaica, he will probably face torture at the behest, or with the acquiescence of, the Jamaican government. On this score, there is substantial evidence in the record to support the Board's conclusion that he has not met this burden. First, regarding his fear of future torture at the hands of Cat Eyes's relatives, the last threat he received was quite remote in time—having occurred around 2005. He has not alleged, and the record does not reveal, any more recent threats. Moreover, despite testimony that Cat Eyes's relatives work in the Jamaican government, Roache admitted that he is unaware of who these relatives are or what specific positions they hold (or have held) in the government. Roache also

points to no evidence tending to show that Cat Eyes's purported relatives in government have, or had, any desire to harm him. And Roache confirmed that he does not fear any other government officials.

These facts support the Board's conclusion, which echoes the IJ's, that any threat of torture related to Roache's brother's role in a decades-old murder is too speculative and attenuated to establish eligibility for deferral of removal under the CAT. We do not find the evidence to which Roache directs us to be so compelling as to warrant a different result.

There is, likewise, substantial evidence supporting the Board's conclusion that Roache failed to demonstrate that the gang members involved in his uncle's murder would subject Roache to torture with the government's acquiescence. To be sure, the IJ found both Roache and his nephew to be credible in their respective accounts of the circumstances of his uncle's murder and the related threats Roache received. Nevertheless, this credibility finding does not undermine the Board's determination that the threat of harm from the gang members is too speculative to satisfy the evidentiary burden for establishing likely torture. As noted, the gang members' last alleged threat occurred six years before Roache's hearing, and there is no evidence that the gang members still harbor a desire to harm Roache. The violence they purportedly visited upon Roache's uncle was motivated by extortion and witness testimony prevention; it was not related to Roache. And, as the IJ noted, the gang members' concern with preventing witness testimony suggests that they do *not* enjoy government acquiescence in their criminal activity. The record evidence does not compel a conclusion contrary to the Board's.

Roache's additional argument that the IJ and the Board failed to address some of his evidence—including the news article, obituary, and letters from family members—is equally unavailing. Although the Board did not discuss the news article or memorial service program in

its opinion, there is no requirement to "list every possible positive and negative factor in its decision, much less write an exegesis on every contention." *Kilic v. Barr*, 965 F.3d 469, 474 (6th Cir. 2020) (citation and quotations omitted). And regarding the letters, Roache does not explain how they support his claim. Importantly, the Board and the IJ discussed his uncle's death at length in their decisions and considered the groups that allegedly threatened Roache. Furthermore, the proffered evidence is immaterial to the question of whether Roache will experience torture with the acquiescence of a public official if he were to return to Jamaica.

Finally, in concluding that Roache failed to provide sufficient evidence to demonstrate eligibility for CAT protection, both the IJ and the Board noted that Roache did not show that he was unable to safely relocate upon his return to Jamaica. Roache's petition before us does not challenge this finding.

In sum, we are satisfied that there is substantial evidence supporting the Board's conclusion that Roache failed to demonstrate that he would "more likely than not" be tortured if he were to return to Jamaica. 8 C.F.R. § 1208.17(a). As such, we find no basis for remand.

**IV.**

For the reasons set forth above, we deny the petition for review.